# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANTHONY Q. KEEL,

        Petitioner,

v.                             CASE NO.  4:15cv558-RH/CAS

JULIE L. JONES, Secretary,
Department of Corrections,

        Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 26. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

The petitioner asserts that his attorney rendered ineffective assistance in connection with a motion to suppress evidence that officers obtained after stopping a vehicle the petitioner was driving. The record establishes that officers had

reasonable suspicion to stop the vehicle. The record establishes that based on information obtained during the stop, officers had probable cause to arrest the petitioner.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that a criminal defendant may obtain relief based on ineffective assistance of counsel only on a showing of both deficient performance and prejudice. The petitioner's attorney filed a motion to suppress, but the court denied the motion. The petitioner has shown neither deficient performance nor prejudice.

The state courts' rejection of the petitioner's motion to suppress and their rejection of the petitioner's later claim of ineffective assistance were correct. The rulings were not contrary to, and did not involve an unreasonable application of, clearly established federal law, nor were they based on an unreasonable determination of the facts in light of the evidence presented. The petitioner is not entitled to relief. *See* 28 U.S.C. § 2254(d)(1)-(2).

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on September 4, 2017.

s/Robert L. Hinkle
United States District Judge